IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN LEGGANS, #R-57869, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-1203-GPM |
| | ) |
| THOMAS STUCK, LT. LAMB,[1] | ) |
| and JOHN DOE CORRECTIONAL | ) |
| OFFICER | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Lawrence Correctional Center ("Lawrence"). Plaintiff is currently serving a seven year sentence for possession of anhydrous ammonia. Plaintiff claims that he was subjected to excessive force, and then was prevented from obtaining medical care.

Specifically, Plaintiff claims that on September 20, 2012, the John Doe Correctional Officer threw Plaintiff's breakfast tray into his cell, striking him in the groin and spilling his food on the floor (Doc. 1, p. 5). Plaintiff requested another tray, and stuck his arm through the food slot to prevent it from being closed. Defendant Lt. Lamb responded, and sprayed Plaintiff's face and eyes with mace. Defendant Lamb then tightly cuffed Plaintiff's wrist to the outside of the cell door. Plaintiff was left in this position for about two hours, when Defendant Stuck removed the cuffs and took Plaintiff to the shower.

---

[1] Defendant Lt. Lamb was previously identified only as a John Doe Corrections Lieutenant. Plaintiff has submitted a motion to substitute party (Doc. 9) which shall be granted.

Plaintiff had been unable to wash off the mace, which had burned him inside his mouth and esophagus, and made it difficult for him to breathe (Doc. 1, p. 6). Defendant Stuck turned off the water to the shower where Plaintiff was placed, so he could not clean himself there. Defendant Stuck also refused Plaintiff's requests for medical treatment. Plaintiff has continued to have pain in his wrist from the handcuffs since the incident, and was never taken to see a nurse.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Lamb for excessive force (Count 1) and Defendants Lamb and Stuck for deliberate indifference to medical needs (Count 2).

The claim against Defendant John Doe Correctional Officer, however, is dismissed on initial review. Plaintiff's only allegation against this Defendant is that he threw the food tray into the cell, hitting Plaintiff. While this action was unprofessional and offensive, it does not rise to the level of a constitutional violation. *See Wilkins v. Gaddy*, 130 S. Ct. 1175, 1180 (2010) (not every malevolent touch by a prison guard gives rise to a federal cause of action); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

**Pending Motion**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

Plaintiff's motion for service at government expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below for those Defendants remaining in the action.

The motion to substitute Defendant Lt. Lamb for the John Doe Corrections Lieutenant (Doc. 9) is **GRANTED**. The Clerk is **DIRECTED** to correct the docket sheet accordingly.

**Disposition**

Defendant John Doe Corrections Officer is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **STUCK** and **LAMB**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** January 4, 2013

                                                          s/ *G. Patrick Murphy*
                                                          G. PATRICK MURPHY
                                                          United States District Judge